## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARGETTA LANGLOIS,**

      Plaintiff,

v.                                                                                 **Case No. 8:11-cv-1372-T-30AEP**

**TRAVELERS INSURANCE CO.,**

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's Complaint (Dkt. No. 1) and Affidavit of Indegency (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *in forma pauperis*. The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed.Appx. 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). In reviewing the Complaint, the Court must apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal

construction cannot serve as a substitute to establishing a valid cause of action.  *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

In this case, the Plaintiff's Complaint consists of a series of rambling catchphrases written in outline form with little regard to any known principles of spelling, grammar, or syntax.  While non-substantive distractions would normally be overlooked by the Court, here, the Complaint's complete lack of sentence structure[1] only exacerbates its lack of any identifiable claim upon which relief may be granted.  The Plaintiff does make several things clear in her Complaint, namely, that she is suing Travelers Insurance Company, demands a trial by jury, and believes that there is a causal relationship between font size and likelihood of success on the merits.  However, the remainder of the Plaintiff's Complaint is entirely unclear, containing unorganized gibberish with nonsensical groupings of legal terms such as "obstructing justice," "insurance fraud," and "perjury." (Dkt. No. 1 at 1-4.)  The Plaintiff also includes a large body of supporting documents attached to her Complaint.  However, absent any guidance as to the basis of both the Court's jurisdiction and the claims upon which the Plaintiff is suing, the Court will not scavenge through these documents like a bloodhound sniffing for clues.

Normally, because courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers, *Hughes v Rowe*, 449 U.S. 5, 9 (1980), the Court would allow the Plaintiff an opportunity to amend the Complaint.  However, in light of the Plaintiff's

---

[1] The Court does note that despite the Complaint's shortcomings, the Plaintiff has complied with Federal Rule of Civil Procedure Rule 10(b) requiring that claims and defenses be stated in numbered paragraphs.

numerous past filings[2] in this Court and her failure, once again, to comply with the federal pleading requirements, the Court believes that allowing the Plaintiff to amend her Complaint would be a futile endeavor.

Accordingly, after due consideration, it is **RECOMMENDED** that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt. No. 2) be **DENIED** and the Complaint (Dkt. No. 1) be **DISMISSED**.

**IT IS SO REPORTED** in Tampa, Florida this 8th day of August, 2011.

ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:

*Pro se* parties

Counsel of Record

---

[2] A simple search of the Plaintiff's name in the Court's electronic filing database reveals at least four other cases since 2009 where the Plaintiff appeared *pro se* and failed to comply with the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. These cases are: *Langlois v. Venezia Investments*, LLC, 8:10-cv-02894-VMC-TBM; *Langlois v. Traveler's Insurance Company*, 8:10-cv-00020-RAL-AEP; *Langlois v. O'Neill*, 8:09-cv-1421-VMC-MAP; and *Langlois v. Pasco Circuit Court*, 8:10-cv-02724-RAL-TGW.